IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-00068-GCM

| ROBIN A. WARD, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | **ORDER** |
| NANCY A. BERRYHILL, | ) | |
| Defendants. | ) | |

**THIS MATTER COMES** before this Court on Plaintiff's Motion for Summary Judgment (Doc. No. 12) and Defendant's Motion for Summary Judgment (Doc. No. 13). Having carefully considered the motions and reviewed the record, the Court enters the following findings, conclusions, and Order.

**I.   BACKGROUND**

The procedural history of this matter is as stated in the Commissioner's memorandum of law supporting the Commissioner's Motion for Summary Judgment.

The ALJ's findings relevant to this proceeding are as follows: Plaintiff meets the insured status requirements of the Social Security Act ("Act") through December 31, 2015. (Tr. 27). Plaintiff has not engaged in substantial gainful activity since the alleged onset date. (*Id.*). Plaintiff has a combination of impairments that more than minimally affect her ability to perform work related activities and are thus considered to be "severe." (*Id.*). However, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 29).

After consideration of the entire record, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work with the following limitations:

> She can lift and/or carry up to fifty pounds occasionally and twenty-five pounds frequently, and can sit for up to six hours and stand and/or walk for up to six hours in an eight-hour workday. She can frequently climb ramps and stars [sic], stoop, kneel, and crawl, and occasionally climb ladders, ropes, or scaffolds. The claimant must also avoid concentrated exposure to hazards, such as unprotected heights and dangerous, moving machinery. She is limited to semi-skilled or unskilled work, and can have frequent interaction with supervisors, coworkers, and the general public.

(Tr. 31-32). The ALJ found in the fourth step that Plaintiff is capable of performing her past relevant work as a hospital admitting clerk, nurse's assistant, waitress, case aide, and pharmacy technician. (Tr. 38). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 40).

## II.     STANDARD OF REVIEW

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## III.    DISCUSSION

On appeal, Plaintiff asserts the ALJ made three different errors in his decision: (1) the ALJ failed to properly assess Ms. Ward's deficiencies in concentration, persistence, and pace; (2) the ALJ erred by giving significant weight to the Global Assessment Functioning ("GAF") scores offered by Plaintiff's treating psychiatric nurse practitioner; and (3) the ALJ failed to sufficiently explain why Plaintiff could return to past employment and that decision is not supported by substantial evidence.  Because the Court agrees that the second assignment of error requires remand, the Court will begin its discussion there.

Plaintiff argues that the ALJ erred by placing significant weight on Plaintiff's GAF scores. Specifically, the ALJ relied on the GAF scores produced by Plaintiff's "longtime psychiatrist." (Tr. 38). Plaintiff's nurse practitioner actually rendered the GAF scores relied upon by the ALJ. Plaintiff argues that this error shows the ALJ's RFC and subsequent decision are not supported by substantial evidence. The Court agrees.

The purpose of a RFC is to show "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ not only must make determinations and reach conclusions regarding the claimant's RFC, but when evaluating the evidence to make those conclusions, he must abide by the admonition, "[s]how your work." *Patterson v. Commissioner*, 846 F.3d 656, 663. (4th Cir. 2017). Doing so allows the ALJ to "'build an accurate and logical bridge from the evidence to [the ALJ's] conclusion.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). If an ALJ fails to create this logical bridge, the Court cannot conduct meaningful review of the ALJ's decision. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

Review of the ALJ's decision makes it clear that the ALJ believed Plaintiff's longtime psychiatrist, rather than a nurse practitioner, rendered the GAF scores. This distinction is important. The Social Security Administration does not consider nurse practitioners to be "acceptable medical sources." 20 C.F.R. §§404.1502, 404.1513(a). Psychiatrists, however, meet the definition of acceptable medical sources. *Id.*

The ALJ gave significant weight to Plaintiff's GAF scores in part due to the scores being "rendered by the claimant's longtime psychiatrist." (Tr. 38). Both Parties agree that it was not a psychiatrist who rendered those scores, but rather, was a nurse practitioner. Here, in showing his work, the ALJ revealed a fatal flaw in his reasoning. Specifically, the ALJ ascribed significant weight to verifiably false information.

The GAF scores served as a major component to the ALJ's decision. This is so as the ALJ allotted significant weight to them. Thus, a major component of the decision relied upon false information. The Court has no way of knowing what weight the ALJ would have allotted to the GAF scores had he known that a nurse practitioner rather than a psychiatrist rendered the scores. Additionally, the Court has no way of knowing whether the remaining evidence standing alone would have yielded the same decision. The Court's responsibility is to review the decision of the ALJ to confirm substantial evidence supports the decision- it is not the job of the Court to reweigh the evidence. *Brown v. Colvin*, 639 Fed. App'x. 921, 923 (4th Cir. 2016) (quoting *Radford*, 734 F.3d at 296). The Court then must remand to the ALJ to reconsider the weight given to the GAF scores in order for any review to be meaningful.

Plaintiff also argued two other assignments of error. Both of those assignments of error deal directly with Plaintiff's RFC, or the ALJ's application of that RFC to Plaintiff's work history. The Court has already determined that remand is required to reconsider the RFC in light

of the weight given to the GAF scores. Thus, any argument as to the current RFC is rendered moot.

**IV.     Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of the proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleadings, and Plaintiff's assignments of error.  Because the ALJ improperly relied upon false information in creating Plaintiff's RFC, the case must be remanded.

**IT IS, THEREFORE, ORDERED** that

(1)     the decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED**;

(2)     Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**;

(3)     Commissioner's Motion for Summary Judgment (Doc. No. 13) is **DENIED**; and

(4)     the matter is hereby **REMANDED** for further consideration.

Signed: December 19, 2018

Graham C. Mullen
United States District Judge